## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DARREN MOORE,

     Plaintiff,

vs.

LIEUTENANT E. JONES, POLICE OFFICER
JANOSKEY, POLICE OFFICER COLON,
POLICE OFFICER S. SALISBURY, CITY OF
DETROIT POLICE DEPARTMENT and CITY
OF DETROIT,

     Defendants.

Case No.: 2-10-cv-11824
Honorable: Stephen J. Murphy, III
Magistrate Judge: Mona K. Majzoub

_____

DAVID B. TRIVAX (P-38798)
Serlin Trivax & Stearn, PLLC
Attorney for Plaintiff
31780 Telegraph Road, Suite 120
Bingham Farms, MI 48025
(248) 663-2666

MARION R. JENKINS (P-26257)
Assistant Corporation Counsel
Attorney for Defendant City of Detroit
660 Woodward Avenue
1650 First National Building
Detroit, MI   48226
(313) 237-3032

_____

# ANSWER TO COMPLAINT ON BEHALF OF
# DEFENDANT, CITY OF DETROIT

     **NOW COMES** Defendant, City of Detroit, a municipal corporation, by and through its

undersigned attorneys and in answer to Plaintiff's Complaint, states as follows:

# FIRST DEFENSE

     The Defendant, City of Detroit, a municipal corporation, is protected from liability on the

Plaintiff's state-law claims by governmental or official immunity.  At all relevant times the City of

Detroit was a governmental agency, and all conduct set forth in Plaintiff's Complaint arose out of

activities expressly and/or impliedly mandated or authorized by Constitution, Statute and/or law

such that the same were and are governmental functions. The Detroit Police were engaged in the

governmental function of law enforcement. MCLA 691.1407(2). Further, Defendant is not liable

for the acts of its employees under the doctrine of Respondeat Superior.

## SECOND DEFENSE

The Plaintiff has failed to state a claim against Defendants upon which relief can be

granted.

## THIRD DEFENSE

Any injury suffered by the Plaintiff was proximately caused by his own negligence and

other wrongdoing, including serious wrongdoing that gives rise to the wrongful-conduct defense

as well as the comparative negligence defense.

## FOURTH DEFENSE

The arrest of the Plaintiff, if any, was supported by probable cause and/or a valid warrant.

## FIFTH DEFENSE

To the extent, if any, that this Defendant or anyone acting at the direction of or in concert

with this Defendant used force against the Plaintiff, each such person acted in self defense.

## SIXTH DEFENSE

To the extent, if any, that this Defendant or anyone acting at the direction of or in concert

with this Defendant used force against the Plaintiff, each such use of force was privileged and

lawful because the force was reasonably applied in the execution of a lawful arrest or in the lawful

performance of other police duties.

## SEVENTH DEFENSE

This Defendant, City of Detroit, did not have or otherwise adopt any customs, policies and/or procedures which caused or otherwise were the moving force behind any constitutional violations alleged in Plaintiff's Complaint, nor did any such alleged customs, policies and/or procedures originate from a decision maker with final policy making authority. Further, this Defendant did not ratify, accept and/otherwise condone any constitutional violations alleged in Plaintiff's Complaint. Finally, this Defendant did not act with deliberate indifference as to known or obvious consequences with respect to the activities alleged in Plaintiff's Complaint and/or as to any constitutional violations, nor is there any widespread practice of constitutional violations and/or failure to take corrective action regarding the same.

## EIGHTH DEFENSE

The applicable Statutes of Limitation lapsed on some or all of Plaintiff's claims prior to filing of his Complaint.

## NINTH DEFENSE

This Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint. This Defendant denies the allegations contained in paragraphs 7, 12, 19, 25, 26, 32, 38, 41, 43, 54, and 55of Plaintiff's Complaint for the reason that the same are inaccurate and/or untrue. Defendant neither admits nor denies the rest and remainder of the allegations contained in Plaintiff's Complaint, and leave Plaintiff to his proofs.

## RESERVATION OF ADDITIONAL DEFENSES

This Defendant reserve the right to plead such additional defenses as may become known

K:\DOCS\LIT\JENKMR\A37000\ANSWER\ML7543.WPD

through research, investigation, discovery or otherwise.

       **WHEREFORE**, Defendant, City of Detroit, a municipal corporation, respectfully

demands dismissal of the Plaintiff's claims or judgment of no cause of action on those claims,

together with attorney fees and costs so wrongfully incurred.

                                   Respectfully submitted,

                                   /s/ Marion R. Jenkins
                                   Assistant Corporation Counsel
                                   Attorney for Defendant City of Detroit
                                   660 Woodward Avenue
                                   1650 First National Building
                                   Detroit, MI 48226
                                   (313) 237-3032
                                   JenkMR@detroitmi.gov
                                   (P-26257)

**Dated:**       **May 6, 2010**

# CERTIFICATE OF SERVICE

       I hereby certify that on May 7, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

              David B. Trivax
              Serlin Trivax & Stearn, PLLC
              31780 Telegraph Road, Suite 120
              Bingham Farms, MI 48025

and hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants(s):

              None.

                                   /s/ Marion R. Jenkins
                                   Assistant Corporation Counsel
                                   Attorney for Defendant City of Detroit
                                   660 Woodward Avenue

1650 First National Building
Detroit, MI 48226
(313) 237-3032
JenkMR@detroitmi.gov
(P-26257)