UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN MOORE,

    Plaintiff,

Case No. 10-cv-11824

HONORABLE STEPHEN J. MURPHY, III

v.

LIEUTENANT E. JONES, OFFICERS
JONAOSKEY, COLON, & SALISBURY,
CITY OF DETROIT POLICE
DEPARTMENT, and CITY OF DETROIT,

    Defendants.
    _____/

**ORDER CANCELLING HEARING AND**
**DENYING MOTIONS TO DISMISS** (docket nos. 11, 23)

Defendants have moved to dismiss the individual officers from this case on the basis of untimely service of process.[1] The motions were originally set for a hearing on April 19, 2011. After a review of the briefing, the Court has determined that oral argument would not be helpful in resolving the issues presented by the motions, and it will decide the motions based on the arguments in the papers. See E.D. Mich. LR 7.1(f)(1). For the reasons stated below, the Court will deny the motions.

Civil Rule 4(m) provides that if a defendant is not served within 120 days of the filing of the complaint with the Court, he or she can be dismissed from the case without prejudice. Nonetheless, if a plaintiff "shows good cause for the failure" to serve process in a timely manner, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The determination of whether or not good cause exists is left to "the sound discretion of the district court," and can only be reversed if that discretion is abused.

---

[1] Defendants actually filed two motions reflecting this particular theory for dismissal, one on September 9, 2010, and another on December 16, 2010.

*Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).  Federal law begins to apply immediately upon removal of a case from state court, and any "defects in service can be cured in accordance with federal rules of procedure."  *Cowen v. Am. Med. Sys., Inc.*, 411 F. Supp. 2d 717, 720 (E.D. Mich. 2006).

Moore originally filed this case in Wayne County Circuit Court.  At the time of removal, the only defendant Moore had served was the City of Detroit.  Upon removal to this Court, counsel for Defendants failed to properly list the address of Moore's counsel, or provide an e-mail address such that he would receive information regarding this case via the Court's electronic filing system.[2]  Meanwhile, the City of Detroit filed two motions to dismiss.  Moore's counsel did not discover that the case had been removed and that motions to dismiss were pending until the Court brought the problem to his attention.  Subsequently, counsel for both sides stipulated to a thirty-day response period for addressing the two pending motions to dismiss filed in the case.  In addition, Moore requested renewed summons for the individual officers in this case, and those defendants have now been properly served.

This is an axiomatic case of "good cause."  While Moore could have been somewhat more diligent in ascertaining why his case was dismissed, he was not to blame for being cut off from the normal source of information about how a case is progressing without his knowledge or consent.  Since the problem was discovered, he has made diligent efforts to resolve all of the issues.  Moreover, dismissal of the case under the current circumstances would give Defendants a windfall they do not deserve.  Accordingly, the Court will deny both of Defendants' motions.

---

[2] Defendants' counsel was recently issued a warning by this Court for repeated CM/ECF violations, including in this case.

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motions to dismiss (docket nos. 11, 23) are **DENIED**.

**IT IS FURTHER ORDERED** that the motion hearing schedule for Tuesday, April 19, 2011 at 2:00 PM is **CANCELLED**.

**SO ORDERED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: April 18, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 18, 2011, by electronic and/or ordinary mail.

        s/Carol Cohron
        Case Manager